[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13198

_____

D.C. Docket No. 1:09-cv-01790-AT

JOSEPH LAMAR KNIGHT,

Plaintiff - Appellee,

versus

FORSYTH COUNTY, GEORGIA, et al.,

Defendants,

BEN A. FINLEY,
DAVID MARSH,
MARK HOFFMAN,
individually and in their capacity as a
Sheriff's Deputy of Forsyth County, et al.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 11, 2013)

Before WILSON and COX, Circuit Judges, and VOORHEES,[*] District Judge.

PER CURIAM:

Defendants Ben A. Finley, David Marsh, and Mark Hoffman (collectively the "officers"), members of the Forsyth County Sheriff's Department, appeal the district court's denial of their motion for summary judgment on qualified immunity grounds in Plaintiff Joseph Lamar Knight's civil rights action against them alleging violations of his Fourth Amendment rights. The district court granted summary judgment for the officers as to Knight's claim that they unlawfully entered and remained in his home, but denied summary judgment with regard to Knight's claim that the officers used excessive force when Finley shot Knight, a 67-year-old man, in the upper chest with a bean-bag round, and when Hoffman and Marsh forcibly removed Knight from the home.

We review the denial of the officers' motion for summary judgment de novo, viewing the facts and making all inferences in the light most favorable to the nonmoving party. *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005) (per curiam). After careful review of the parties' briefs and the record, and with the benefit of oral argument, we agree with the district court that when viewing the facts and taking all inferences in favor of Knight, there is sufficient evidence to support a finding that Sergeant Finley violated clearly established law when he

---

[*] Honorable Richard L. Voorhees, United States District Judge for Western District of North Carolina, sitting by designation.

deployed lethal force—by shooting Knight in the upper chest with a bean-bag round from a distance of about three feet—in order to subdue him.  *See Mercado v. City of Orlando*, 407 F.3d 1152, 1160–61 (11th Cir. 2005) (denying qualified immunity to officer who used a "less lethal" munition in a lethal manner when he shot a distraught subject in the head with the "less lethal" round).  Although Knight was not complying with police orders when he barricaded himself in his bedroom, a reasonable jury could find that he posed no immediate danger to the officers that would have justified the use of deadly force against him, and the district court was therefore correct to deny qualified immunity to Sergeant Finley.  *See id.*

That said, we cannot agree with the district court's conclusion that Officers Hoffman and Marsh are not entitled to qualified immunity.  Our review of the record does not convince us that Officers Hoffman and Marsh violated clearly established law when they handcuffed and forcibly removed Knight, an intoxicated man who had barricaded himself in his bedroom during a five-hour standoff with police, from his home.  *See, e.g.*, *Penley v. Eslinger*, 605 F.3d 843, 850 (11th Cir. 2010) (explaining that "we must be careful to evaluate the reasonableness of an officer's conduct on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (internal quotation marks omitted)).  Therefore, and although we affirm the district court's grant of summary judgment with regard to the officers' entry into the home and the

3

district court's denial of qualified immunity as to Sergeant Finley, we reverse the denial of qualified immunity as to Officers Hoffman and Marsh and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**